IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW LEWIS, et al.,**

    **Plaintiffs,**

    v.

**HEARTHSIDE FOOD
SOLUTIONS, LLC, et al.,**

    **Defendants.**

Case No. 2:13-cv-00823
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiffs' motion *in limine* regarding the "DB Schenker Incident Investigation Report" (the "Report"), the "DB Schenker Coaching and Counseling Form" (the "Form"), and expert testimony relying upon the same (ECF No. 76), and Defendant Toll Packaging Services, LLC's ("Toll") response in opposition (ECF No. 81). For the reasons that follow, the Court **DENIES** the motion.

**I.**

This case involves an accident in which Plaintiff Andrew Lewis ("Lewis"), who was employed as a yard driver by DB Schenker at all times relevant, was injured after opening a truck. The cargo inside the truck fell onto Lewis and caused him to break his leg. Lewis alleges that Toll was negligent in packaging, loading, and securing the cargo inside of the truck.

This matter is scheduled for a jury trial to begin on July 6, 2015. Plaintiff filed the present motion seeking to exclude two pieces of evidence, the Report and the Form, from trial.

The Report, prepared by an individual associated with DB Schenker, states (among other things) that Lewis "tripped over the curb" as he was unloading the cargo from the truck and that Lewis "failed to recognize the potential hazard of the product leaning against the door." (ECF

1

No. 76-1.) The Form states (among other things) that "[t]he accident was caused by not following proper procedures in the yard, and ensuring that the load wasn't leaning on the door prior to opening." (ECF No. 76-2.)

Plaintiff also seeks to exclude the testimony of expert Donald A. Taylor, who relied (at least in part) on the Report and the Form in reaching his conclusions in this case. Toll has disclosed Mr. Taylor as a liability expert.

## II.

The inquiry involved in a motion *in limine* decision is well settled:

> Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4, 83 L. Ed. 2d 443 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*. *See United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce,* 469 U.S. at 41, 105 S. Ct. at 463) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F. Supp. 1398, 1400-01 (N.D. Ill.1993).

*Weimer v. Honda of Am. Mfg., Inc.*, No. 2:06-cv-844, 2008 WL 4332525, at *1 (S.D. Ohio Sept. 17, 2008) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). In short, "[c]ourts are generally reluctant to grant broad exclusions of evidence *in limine* because 'a court is almost always better situated during the actual trial to assess the value and

utility of evidence.' " *Id.* (quoting *Koch v. Koch Indus., Inc.,* 2 F. Supp. 2d 1385, 1388 (D. Kan 1998)).

### III.

In support of their motion, Plaintiffs present several arguments. None of these arguments have merit.

First, Plaintiff suggests that neither the Report nor the Form can be "verified" because, in response to a deposition subpoena, non-party DB Schenker produced a witness who "did not fill out the form and did not have direct prior knowledge of the form as it pertained to Mr. Lewis' incident." (ECF No. 76, at PAGEID # 303.) It goes without saying, however, that Toll is free to present witnesses to authenticate the Report and the Form other than the witness DB Schenker selected in response to the subpoena. The Court therefore declines to exclude the Report and the Form on the ground that they cannot be "verified."

Second, Plaintiff argues that the Report and the Form contain hearsay statements. Plaintiff anticipates that Toll will attempt to use these statements to prove the truth of the matter asserted—i.e., to prove that Lewis' own negligence contributed to or caused his accident. But Plaintiffs' speculation about the manner in which Toll will attempt to use this evidence is insufficient to exclude the evidence before trial. Put simply, "without the context of trial, the court is unable to determine whether the evidence in question should be excluded" as hearsay. *Weimer*, 2008 WL 4332525, at *1.

Third, Plaintiffs suggest that the evidentiary value of the Report and the Form is weak because the documents contain contradictory statements, contain statements from declarants who were not present at the scene of the accident, and refer to policies and procedures that are not

3

specifically identified.  These arguments go to the weight of the evidence and not its admissibility.  These arguments therefore do not support Plaintiff's motion.

Having declined to exclude the Report and the Form as inadmissible, Plaintiffs' final argument that Toll's expert should be precluded from offering any testimony or opinion that relies on the Report and/or the Form is not persuasive.  That is especially true given that Rule 703 permits an expert to rely on inadmissible evidence in certain circumstances.  Plaintiffs' passing assertion that Rule 703 does not apply is insufficient to exclude Mr. Taylor's testimony before trial.

### IV.

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion *in limine*.  (ECF No. 76.)

**IT IS SO ORDERED**.

   /s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE